STATE OF NORTH CAROLINA v. BUDDY JIM COBB

No. 7024SC351

(Filed 15 July 1970)

1. **Escape § 1— felonious escape — sufficiency of evidence**

   In a prosecution for felonious escape, the State's evidence was sufficient to submit the case to the jury, where there was testimony that eight inmates of the cell in which defendant was a prisoner attempted to escape through a severed cell window and that defendant was apprehended outside the cell block, and where defendant himself testified that he was caught while attempting to re-set the bars of the window in order to conceal the escape of the others. G.S. 148-45.

2. **Escape § 1; Criminal Law § 137— mistake in judgment — statutory reference**

   The fact that the judgment and commitment in an escape prosecution erroneously referred to the escape statute as "G.S. 148.48" instead of G.S. 148-45, *held* not prejudicial to defendant.

APPEAL by defendant from *McLean, J.*, 22 January 1970 Session of Superior Court held in WATAUGA County.

Defendant was tried on a bill of indictment charging him with the felony of attempting to escape, in violation of G.S. 148-45. Upon his plea of not guilty, the verdict of the jury was "guilty of aiding and abetting an attempted escape."

From a judgment of imprisonment for the term of six months, the defendant, an indigent, appealed to the Court of Appeals.

*Attorney General Morgan and Deputy Attorney General Benoy for the State.*

*John H. Bigham for defendant appellant.*

MALLARD, C. J.

[1]    The evidence for the State tended to show that the defendant, on 11 July 1966, was committed under a proper judgment of the Superior Court of Gaston County to the State prison system to serve a two-year term for the misdemeanor of non-felonious breaking and entering. He was subsequently assigned to State Prison Camp #087 located in Watauga County, and on 13 March 1967 he was serving this sentence. On 13 March 1967 appellant was locked in a cell block with several other inmates. After 7:00 in the evening of that day, the bars to a window in this cell block were severed by means of a saw. Eight of the inmates attempted to escape by exiting the cell block through this aperture. Appellant was apprehended outside the cell block. During this period the doors of the cell remained locked, and the only means of egress was by way of the window. The window did not lead to the outside but did lead to the grounds within the prison fence.

The defendant testified that he made no attempt to escape. He stated that an officer observed him at the window as he, the defendant, was trying to re-set the bars to conceal the escape attempt of the others. Defendant testified that the officer "took me out" of the window to "see" the sergeant in the sergeant's effort to determine how many men used the window to get outside the cell block.

The defendant's assignment of error that the trial court committed error in denying the defendant's motion for judgment

of nonsuit at the end of the State's evidence is without merit. There was ample evidence of the defendant's guilt to require submission of the case to the jury.

[2] In the judgment and commitment as it appears in this record, the statute under which the defendant was convicted was erroneously referred to as "G.S. 148.48" instead of G.S. 148-45. This is not prejudicial to the defendant.

The sentence imposed does not exceed that permitted by the statute, G.S. 148-45. We have examined the record, and no prejudicial error is made to appear.

No Error.

MORRIS and GRAHAM, JJ., concur.